UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PHILLIP VAN ZANT,

      Petitioner,

v.                                                    Case No.  4:17cv354-WS-CJK

JULIE L. JONES,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (doc. 1), with supporting memorandum (doc. 2).  Respondent moves to dismiss the petition as time-barred, providing relevant portions of the state court record (doc. 19).  Petitioner opposes the motion (doc. 21).  The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that petitioner's habeas petition should be dismissed as time-barred.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

On June 24, 1976, Ruthie Taylor was killed in her home.  A jury convicted petitioner, her on-again-off-again boyfriend, of first degree murder and burglary of a dwelling in connection with her death.  (Doc. 19, Ex. A (indictment); Ex. B (jury verdict); *see also Van Zant v. State*, 372 So. 2d 502 (Fla. 1st DCA 1979)).[1]  The Florida First District Court of Appeal (First DCA) reversed the convictions and remanded for a new trial, concluding that the trial court erroneously admitted into evidence two exhibits (a probable cause affidavit and a sworn complaint against petitioner executed by Ms. Taylor the month preceding her death).  *See Van Zant*, 372 So. 2d at 503-04.  On remand, petitioner resolved the charges by entering a counseled, negotiated no contest plea to second degree murder.  (Ex. G (written plea); Ex. H (judgment)).  Petitioner was sentenced to life in prison.  (Ex. H).  Judgment was rendered December 19, 1979.  (*Id.*).  Petitioner did not appeal.  (Doc. 1, p. 1).

Over 30 years later, on June 29, 2012, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, asserting that his 1979 plea was rendered involuntary by the retroactive application of Section

---

[1] References to exhibits are to those provided at Doc. 19.  Where a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom right corner of the page.

947.174, Florida Statutes, as amended effective July 1, 2010, which changed the required parole commission interview period for a homicide offense from every 2 years to every 7 years. (Ex. I, pp. 1-13). The state circuit court denied the motion as untimely and, alternatively, without merit. (*Id.*, pp. 19-23). The First DCA affirmed per curiam without opinion. *Van Zant v. State*, 216 So. 3d 636 (Fla. 1st DCA 2016) (Table) (copy at Ex. L). The mandate issued August 1, 2016. (*Id.*).

Petitioner filed his federal habeas petition on July 31, 2017. (Doc. 1). Petitioner raises one ground for relief: "Petitioner's plea was involuntary in violation of his 5th and 14th Amendment due process right by the retroactive application of an amendment to § 947.174(1)(b) Fla. Stat." (Docs. 1, 2). Petitioner explains:

> On December 19, 1979, Petitioner made a knowing and voluntary nolo contendere plea to second degree homicide in case number 1976-CF-450, for which he received a life sentence based on his attorney, Howard Williams, explaining to him that he would be considered for parole every 2 years because the Parole Commission was required by law to interview him for parole every 2 years. See § 947.174, Fla. Stat. (1979).

> On July 1, 2010, a new law enacted by the Legislature went into effect retroactively which requires the Parole Commission to conduct parole interviews for homicide every 7 years. See Session law c. 2010-95 § 2, and § 947.174(1)(b) Fla. Stat. (2010).

> The law in effect influenced Petitioner's plea agreement in 1979, that required the parole interviews every 2 years was what the Petitioner relied on when he agreed to plea nolo contendere. Therefore, the change and retroactive application of the new statute requiring parole interviews every 7 years renders Petitioner's plea to no longer be

knowing and voluntary, which requires him to be allowed to withdraw
his plea.

(Doc. 1).  When asked on the petition form to explain why the one-year statute of

limitations contained in 28 U.S.C. § 2244(d) does not bar his petition, petitioner

claims:

> The due process violation of Petitioner's plea agreement did not
> exist until the Legislature changed the law and retroactively applied it
> to him 31 years after his plea agreement.  This petition is timely filed
> within one year of the First DCA's August 1, 2016 mandate.

(Doc. 1, p. 14 in ECF).  Respondent asserts the petition is time-barred.  (Doc. 19).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective

date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the

AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138

L. Ed. 2d 481 (1997).  The AEDPA establishes a 1-year period of limitation for a

state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. §

2244(d)(1).  The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;

> (B)  the date on which the impediment to filing an application created
> by State action in violation of the Constitution or laws of the United
> States is removed, if the applicant was prevented from filing by such
> State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner appears to suggest, at first, that the limitations period began to run on July 1, 2010, which is the effective date of the Florida Legislature's amendment of § 947.147(1)(b).  This argument is without merit.  Section 2244(d)(1) enumerates four events which affect the commencement of the limitations period, none of which is a change in state law.  The court must construe § 2244(d)(1) in a manner consistent with Congressional intent, the most persuasive evidence of which is the wording of the statute.  *See United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940) ("There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes."); *Merritt v. Dillard*, 120 F.3d 1181, 1185 (11th Cir. 1997) ("In construing a statute we must begin, and often should end as well, with the language of the statute itself.").

Moreover, even assuming, without deciding, that a change in state law <u>could</u> trigger commencement of § 2244(d)'s one-year limitations period, petitioner's habeas petition would still be untimely.  Petitioner himself notes that the effective date of the statute which he contends renders his plea involuntary is July 1, 2010. *See* Ch. 1010-95, § 2, Laws of Florida.  Had petitioner exercised reasonable diligence, he could have discovered the change in § 947.174(1)(b), on its effective date.  Petitioner did not file his federal habeas petition (or any tolling State motion) during the one year following July 1, 2010.

Petitioner next asserts that his petition is timely because it was filed within one year of the First DCA's mandate in his Rule 3.850 proceeding.  (Doc. 1, p. 14 in ECF).  This argument also fails.  The completion or exhaustion of state court remedies is not one of the four triggering events identified in § 2244(d).  Although particular state postconviction proceedings may affect the <u>tolling</u> of the limitations period, they do not affect its <u>commencement</u>. *See, e.g., Payton v. Brigano*, 256 F.3d 405 (6th Cir. 2001) (holding that limitations period for state prisoner to file federal habeas petition began to run on date prisoner's conviction became final by conclusion of direct review, not on date he exhausted all state postconviction remedies).

Respondent contends that the statute of limitations is measured from the date on which petitioner's judgment became final. *See* 28 U.S.C. § 2244(d)(1). The undersigned agrees. Petitioner did not pursue direct review of his December 19, 1979, judgment; accordingly, his judgment became final for purposes of § 2244(d)(1)(A), at the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in this Court, or in state court, expires."). Petitioner's time for pursuing direct review in state court expired on January 18, 1980, which is 30 days after entry of the judgment. *See* Fla. R. App. P. 9.110(b); Fla. R. App. P. 9.140(b)(3) (providing that an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also Gust v. State*, 535 So. 2d 642, 643 (Fla. 1st DCA 1988) (holding that criminal defendant who pled no contest had 30 days from the date of his judgment to file an appeal from the conviction, and that his judgment became final under Florida law when that period expired without the filing of a notice of appeal (*citing* Fla. R. App. P. 9.140(b)).

Because petitioner's conviction became final before the AEDPA went into effect, he had until April 24, 1997, to file his § 2254 petition. *See Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (holding that for state prisoners whose judgments of conviction became final prior to the effective date of the AEDPA, the one-year limitations period began running on the statute's effective date, which was April 24, 1996); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the one-year anniversary of the date it began to run).  Petitioner's present petition comes 20 years too late.   Petitioner is not entitled to the benefit of statutory tolling under § 2244(d)(2), because he had no properly filed applications for State postconviction or other collateral review pending between April 24, 1996, and April 24, 1997. Petitioner's postconviction motion filed on June 29, 2012, does not trigger the tolling benefit of § 2244(d)(2), because the limitations period had already expired. *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run." (citations omitted)).  Petitioner's federal habeas petition, filed on July 31, 2017, is untimely.

Petitioner's response argues that even if his petition is deemed untimely, he is entitled to habeas review of his claim because he satisfies the actual innocence exception. Petitioner explains:

> The gateway actual innocence standard in Schlup v. Delo, that permits a time-barred federal claim to be reviewed is superceeded [sic] in the case at bar by the retroactive change in the law that renders Petitioner's plea no longer valid. Once Petitioner's plea is vacated he meets the actual innocence standard of Schlup, supra, because the foundational tenet of the due process clause of the 5th amendment to the Constitution is that the accused is presumed innocent until proven guilty.

(Doc. 21, pp. 5-6) (citation omitted).

Actual innocence, if proved, serves as a gateway through which a federal habeas petitioner may pass to overcome a statute of limitations bar to consideration of the merits of his claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). "[T]enable actual-innocence gateway claims are rare". *Id*. The petitioner must make a threshold showing that satisfies the *Schlup* standard – the standard of proof governing procedural claims of actual innocence. *Id*. (*citing Schlup v. Delo*, 513 U.S. 298 (1995)). The *Schlup* standard requires the habeas petitioner to demonstrate that constitutional error "probably resulted" in the conviction of one who is actually innocent. *Id*., 513 U.S. at 324, 326-27. A mere allegation of innocence is not enough; "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324.  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329; *see House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).  "The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."  *Id*. (*citing Bousley v. United States*, 523 U.S. 614, 623 (1998)).

Petitioner presents no new reliable evidence of his factual innocence of the murder of Ruthie Taylor, but, instead makes the circular argument that he is innocent because (he believes) his plea should be vacated.  That cart is well before the horse.  Because petitioner has not established entitlement to equitable tolling or any other exception to the limitations bar, his untimely federal habeas petition must be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is

issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The petitioner here cannot make the requisite

showing.  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 19) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Phillip Van Zant*, Leon County Circuit Court Case No. 1976-CF-450, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 17th day of July, 2018.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

     Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.